UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL SPINELLI; SCOTT BOEHM; PAUL JASIENSKI;
GEORGE NEWMAN LOWRANCE; DAVID STLUKA;      :
DAVID DRAPKIN; and THOMAS E. WITTE,             Case 1:13-cv-07398 (RWS)
                                                                  :
                 Plaintiffs,
                                                                  :   **ECF Case**
   v.
                                                                  :
NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES,
LLC; NFL VENTURES, L.P.; NFL PRODUCTIONS, LLC; :   **MEMORANDUM OF LAW IN**
NFL ENTERPRISES, LLC; REPLAY PHOTOS, LLC;          **SUPPORT OF DEFENDANT**
GETTY IMAGES (US), INC.; ASSOCIATED PRESS;     :   **GETTY IMAGES (US), INC.'S**
ARIZONA CARDINALS HOLDINGS, INC., ATLANTA          **MOTION TO STAY**
FALCONS FOOTBALL CLUB LLC, BALTIMORE           :   **DISCOVERY**
RAVENS LIMITED PARTNERSHIP, BUFFALO BILLS,
INC., PANTHERS FOOTBALL LLC, CHICAGO BEARS     :
FOOTBALL CLUB, INC., CINCINNATI BENGALS,
INC., CLEVELAND BROWNS LLC, DALLAS             :
COWBOYS FOOTBALL CLUB, LTD., DENVER
BRONCOS FOOTBALL CLUB, DETROIT LIONS, INC.,    :
GREEN BAY PACKERS, INC., HOUSTON NFL
HOLDINGS LP, INDIANAPOLIS COLTS, INC.,         :
JACKSONVILLE JAGUARS LTD., KANSAS CITY
CHIEFS FOOTBALL CLUB, INC., MIAMI DOLPHINS,    :
LTD., MINNESOTA VIKINGS FOOTBALL CLUB LLC,
NEW ENGLAND PATRIOTS, LP, NEW ORLEANS          :
LOUISIANA SAINTS, LLC, NEW YORK FOOTBALL
GIANTS, INC., NEW YORK JETS FOOTBALL CLUB,     :
INC., OAKLAND RAIDERS LP, PHILADELPHIA
EAGLES FOOTBALL CLUB, INC., PITTSBURGH         :
STEELERS SPORTS, INC., SAN DIEGO CHARGERS
FOOTBALL CO., SAN FRANCISCO FORTY NINERS       :
LTD., FOOTBALL NORTHWEST LLC, THE RAMS
FOOTBALL CO. LLC, BUCCANEERS LIMITED           :
PARTNERSHIP, TENNESSEE FOOTBALL, INC., and
WASHINGTON FOOTBALL INC.,                      :

                 Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Getty Images (US), Inc. ("Getty Images") respectfully submits this memorandum of law in support of its motion to stay discovery against it in this action until the Court rules on its motion to dismiss or to stay the action as against Getty Images and to compel arbitration.

**INTRODUCTION**

In their First Amended Complaint (FAC), plaintiffs assert claims sounding in copyright, antitrust, contract, and unjust enrichment against Getty Images and some thirty-nine other defendants. As the Court is aware, Getty Images has moved to dismiss or, in the alternative, to stay the action as against Getty Images and to compel arbitration, *see* Dkt. No. 52, while all other defendants have filed motions to dismiss and/or stay the action on the ground that plaintiffs have failed to state a claim. All of defendants' dispositive motions have been fully briefed and argued. Nevertheless, despite having shown no sense of urgency when requesting lengthy delays in briefing the motions to dismiss, plaintiffs have indicated their intention to proceed with broad and burdensome discovery while the defendants' motions are pending. Getty Images is aware that the other defendants are moving to stay discovery as to them, and it believes a stay is necessary and appropriate as to it as well.

Despite the Court's statement at the October 1, 2014 hearing that Getty Images' attendance at any Rule 16 discovery conference was voluntary in view of its motion to compel arbitration, and although plaintiffs, accordingly, expressly excluded Getty Images from their draft of the Rule 26 report, plaintiffs have refused to agree that no discovery of Getty Images should occur before the Court rules on its motion. *See* Bloom Decl. Ex. A (Oct. 13, 2014 email from plaintiffs' counsel Kevin McCulloch to Getty Images' counsel Bruce Meyer stating "Your belief that Getty Images can avoid discovery merely because it has filed a motion to dismiss is just that, your belief. Getty Images has not moved to stay discovery, and no order staying

discovery has been issued.").

Because Getty Images should not be subject to any formal discovery in view of its clear contractual right to arbitrate all of plaintiffs' claims, the Court should enter an order staying discovery as against Getty Images pending the Court's determination of the proper forum for plaintiffs' claims against Getty Images.

## ARGUMENT

A district court may stay discovery "for good cause." Fed. R. Civ. P. 26(c)(1). Good cause may be shown "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Other factors courts may consider are (1) the strength of the dispositive motion and (2) the breadth of the discovery sought and the burden of responding to it. *Id.; see also Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996). These factors compel the conclusion that good cause exists for a stay of discovery of Getty Images.

1. Getty Images has filed a motion to dismiss or stay the action as to it and to compel arbitration. *See* Dkt. No. 52. If the Court grants that motion, Getty Images will be out of this case, and if the Court compels arbitration any discovery will be overseen by an arbitral tribunal. *See In re Akropan Shipping Corp.,* 86 CIV. 4873 (JFK), 1990 WL 16097, at *2 (S.D.N.Y. Feb. 14, 1990) ("district courts may stay discovery where resolution of a preliminary matter may dispose of the entire case"). A stay is particularly appropriate where the pending dispositive motion appears to be well-founded – as is Getty Images' motion, based on the unambiguous arbitration clauses in its agreements with each of the plaintiffs and the strong federal policy in favor of enforcing arbitration agreements. *See* Dkt. No. 52 at 5-7; *Rivera v. Heyman*, No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("[I]t is enough to note that defendants

2

appear . . . to have a substantial argument for dismissal."); *Anti-Monopoly, Inc.*, 1996 WL 10277, at *4 (granting stay where dispositive motion appeared to have "substantial grounds").  The Court's statement, after hearing argument, that Getty Images need not attend the Rule 16 conference in view of its motion to compel arbitration suggests that the pendency of that dispositive motion constitutes "good cause" for a stay of discovery as against Getty Images.

     In addition, all the other defendants (including alleged co-conspirators with Getty Images) have filed dispositive motions that, if granted, will dispose of the entire action on the merits as to them.  *See* Dkt. Nos. 51, 58, 60, 63.

     2.  Because Getty Images' motion has been fully briefed and argued, the requested stay presumably will be only for a "short period of time," and plaintiffs will not be prejudiced by it. *See Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").  Any potential prejudice is further reduced by the fact that Getty Images has taken reasonable steps to ensure that any pertinent documents are being preserved.

     3.  Finally, a stay will avoid the imposition of undue and unnecessary burden on Getty Images.  *See Picture Patents, LLC v. Terra Holdings, LLC*, Nos. 07 Civ. 5465 (JGK), 07 Civ. 5567 (JGK), 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) ("if defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees").  In their initial draft of the parties' joint Rule 26(f) discovery report, plaintiffs have indicated that they intend to pursue broad discovery against all defendants concerning what they allege to be "widespread" and "ongoing" unlicensed use of their photographs.  *See* FAC ¶ 119.  Any discovery against Getty Images will prove to be an unnecessary burden if (i) Getty Images' motion to compel

arbitration is granted and (ii) to the extent the discovery sought from Getty Images relates to claims against other defendants (such as the antitrust conspiracy claims), those claims are dismissed.  *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding that a stay "would avoid the need for costly and time-consuming discovery"); *Spencer Trask*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."); *Rivera*, 1997 WL 86394, at *1 ("proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants"); *American Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.*, 94 CIV. 8566 (JFK), 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995) ("The discovery sought by plaintiffs is very broad and to require defendants to respond to it at this juncture, when their motion to dismiss may be granted, would be extremely burdensome.").

## CONCLUSION

For the foregoing reasons, the Court should stay discovery in this action as against Getty Images until this Court rules on Getty Images' motion to dismiss or stay the action as against it and to compel arbitration.

Dated:  New York, New York
        November 10, 2014

Respectfully submitted,

By: /s/  Bruce S. Meyer
     Bruce S. Meyer
     Jonathan Bloom

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Defendant Getty Images (US), Inc.*