```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

PAUL SPINELLI, SCOTT BOEHM, PAUL
JASIENSKI, GEORGE NEWMAN LOWRANCE, DAVID
STLUKA, DAVID DRAPKIN, and THOMAS E.
WITTE,

                         Plaintiffs,
                                                    13 Civ. 7398 (RWS)
     - against -
                                                         OPINION
NATIONAL FOOTBALL LEAGUE, NFL PROPERTIES,
LLC, NFL VENTURES, L.P., NFL PRODUCTIONS,
LLC, NFL ENTERPRISES, LLC, REPLAY PHOTOS,
LLC, GETTY IMAGES (US), INC., ASSOCIATED
PRESS, ARIZONA CARDINALS HOLDINGS, INC.,
ATLANTA FALCONS FOOTBALL CLUB LLC,
BALTIMORE RAVENS LIMITED PARTNERSHIP,
BUFFALO BILLS, INC., PANTHERS FOOTBALL
LLC, CHICAGO BEARS FOOTBALL CLUB, INC.,
CINCINNATI BENGALS, INC., CLEVELAND
BROWNS LLC, DALLAS COWBOYS FOOTBALL CLUB,
DENVER BRONCOS FOOTBALL CLUB, DETROIT
LIONS, INC., GREEN BAY PACKERS, INC.,
HOUSTON NFL HOLDINGS LP, INDIANAPOLIS
COLTS, INC., JACKSONVILLE JAGUARS LTD.,
KANSAS CITY CHIEFS FOOTBALL CLUB, INC.,
MIAMI DOLPHINS, LTD., MINNESOTA VIKINGS
FOOTBALL CLUB LLC, NEW ENGLAND PATRIOTS,
LP, NEW ORLEANS LOUISIANA SAINTS, LLC,
NEW YORK FOOTBALL GIANTS, INC., NEW YORK
JETS FOOTBALL CLUB, INC., OAKLAND RAIDERS
LP, PHILADELPHIA EAGLES FOOTBALL CLUB,
INC., PITTSBURGH STEELERS SPORTS, INC.,
SAN DIEGO CHARGERS FOOTBALL CO., SAN
FRANCISCO FORTY NINERS LTD., FOOTBALL
NORTHWEST LLC, THE RAMS FOOTBALL CO. LLC,
BUCCANEERS LIMITED PARTNERSHIP, TENNESSEE
FOOTBALL, INC., and WASHINGTON FOOTBALL
INC.,

                         Defendants.
------------------------------------------X
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-13-15

1

A P P E A R A N C E S:

<u>Attorneys for the Plaintiffs</u>

NELSON & MCCULLOCH LLP
155 East 56th Street
New York, NY 10022
By:   Danial A. Nelson, Esq.
      Kevin Patrick McCulloch, Esq.

<u>Attorneys for the Defendants</u>

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
42nd Floor
New York, NY 10036
By:   Jeffrey A. Mishkin, Esq.
      Anthony Joseph Dreyer, Esq.
      Jordan Adam Feirman, Esq.
      Karen Hoffman Lent, Esq.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
By:   Jura Christine Zibas, Esq.
      Jana A. Slavina, Esq.

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
By:   Andrew Lawrence Deutsch, Esq.
      Marc Evan Miller, Esq.
      Paolo Morante, Esq.
      Tamar Y. Duvdevani, Esq.

**Sweet, D.J.**

Plaintiffs Paul Spinelli, Scott Boehm, Paul Jasienski, George Newman Lowrance, David Stluka, David Drapkin, and Thomas E. Witte (the "Plaintiffs") have moved the court to certify its recent dismissal of their copyright claims as a final, appealable judgment pursuant to Federal Rule of Civil Procedure 54(b). For the reasons set forth below, the motion for certification is denied.

**Prior Proceedings**

This is the latest motion in a lawsuit brought by seven professional photographers against the National Football League, 36 affiliated clubs and business organizations (collectively with the National Football League, the "NFL"), the Associated Press (the "AP"), and Replay Photos, LLC (collectively, the "Defendants") alleging copyright, antitrust, breach of fiduciary duty, and contract claims stemming from the Defendants' use and licensing of the Plaintiffs' photographs. On March 27, 2015, the Court granted the Defendants' motion to dismiss without prejudice, giving the Plaintiffs 20 days to file new pleadings. Spinelli v. Nat'l Football League, No. 13 Civ. 7398, 2015 WL

3

1433370 (S.D.N.Y. Mar. 27, 2015) (the "March 27 Order").[1] A full accounting of the plaintiffs' allegations and the case's procedural history is available in that opinion. Id. at *1-5. Rather than file a new complaint, the Plaintiffs filed the instant motion on May 11, 2015, asking the Court to certify its dismissal of their copyright claims as a final judgment under Rule 54(b). (Dkt. No. 105.) They did, however, represent that they were prepared to file a new complaint within 48 hours of the court deciding the instant motion. (Declaration of Kevin P. McCulloch, Dkt. No. 107, ¶3.) The Defendants filed their opposition papers on May 29, 2015 (Dkt. No. 110), the Plaintiffs filed their reply brief on June 5, 2015 (Dkt. No. 112), and the motion was heard on submission on June 10, 2015. (Dkt. No. 113.)

**Applicable Standard**

Federal Rule 54(b) states in relevant part that "[w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a

---

[1] In the same opinion, the Court granted Defendant Getty Images (US), Inc.'s motion to compel arbitration. As the Plaintiffs are proceeding to arbitration with Getty, (Pl. Mem. at 1 n.1), they are not seeking Rule 54(b) certification of that portion of the Court's opinion and Getty is not a party to this motion.

4

final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  The Supreme Court describes the district court's role as being a "dispatcher" and explains that it is "left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956)).  The Second Circuit has laid out a more parsimonious standard, explaining that the district court's power under Rule 54(b) should be "exercised sparingly" and "only if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Adrian v. Town of Yorktown, 210 F. App'x 131, 132-33 (2d Cir. 2006) (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)).  Rule 54(b) certification should generally not be given "if the same or closely related issues remain to be litigated." See Nat'l Bank of Washington v. Dolgov, 853 F.2d 57, 58 (2d Cir. 1988).

**The Motion is Denied**

5

As the Plaintiffs went about the process of drafting their Second Amended Complaint, they came to the conclusion that while the defects in their antitrust and contract-based claims could be cured by repleading, their copyright claims could not be similarly repaired. (Pl. Mem., Dkt. No. 106, at 1-2.) The Plaintiffs had argued that a "retroactive license" such as the one used by Defendant AP to grant the NFL a sublicense covering use of the Plaintiffs' photos during the period before the AP signed its own license agreement with the plaintiffs, was unenforceable under the Second Circuit's holding in Davis v. Bilge, 505 F.3d 90, 103. See Spinelli, 2015 WL 1433370, at *32. The Court rejected the argument, declaring that "the holding in Davis was a narrow one that does not apply to the facts here." See id. at *32, 32 n. 24. The Court also interpreted the Contributor Agreements between the Plaintiffs and the AP in depth in order to determine whether the retroactive sublicenses agreed to between the AP and NFL were permissible. Id. at *30-35. The Plaintiffs contend that since the Court determined that the retroactive license was valid and precluded their claims, repleading will be futile and the ruling is functionally final. (Pl. Mem. at 7.)

The Plaintiffs' request for a final judgment on their

6

copyright claims under Rule 54(b) necessarily fails because the March 27 Order is not a final adjudication. It is "well established" in this Circuit that a district court's order dismissing a complaint with leave to replead "is not final and therefore not appealable." Elfenbein v. Gulf & W. Industries, 590 F.2d 445, 448 (2d Cir. 1978); see 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2656 (3d ed. 2015) ("A dismissal for failing to state a claim upon which relief may be granted that is made with leave to amend clearly does not finally decide that claim, however, and Rule 54(b) would not apply."). Against this proposition, the Plaintiffs argue that where the grounds for dismissal are based on legal determinations rather than on pleading defects, an updated pleading will not help the plaintiff's situation and a dismissal without prejudice should therefore be considered final, citing Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 463 (7th Cir. 1988). Unfortunately, the Plaintiffs do not cite to, and the Court is unaware of, any precedent within the Second Circuit for the proposition. While the flexibility of the approach taken by the Seventh Circuit may be a wise policy, cf. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993) (adopting the Coniston approach because it "better serves judicial economy"), the Plaintiffs

7

cannot overcome the broad language in Elfenbein and its progeny. Cf. Jackson v. Dep't of Labor, 431 F. App'x 21, 22 (2d Cir. 2011) ("Because the district court's order stated 'that [Plaintiff] is granted leave to file an amended complaint within thirty (30) days,' the order was not final.").

In any event, certification is not appropriate here because the Plaintiffs' copyright claims are closely related to the additional claims they seek to litigate.[2] The copyright claims were ultimately defeated because the Court found the existence of a valid licensing agreement between the Plaintiffs and the AP, which allowed for a retroactive sublicense to the NFL. See Spinelli, 2015 WL 1433370, at *29-31 (discussing the licenses and the contract law principles used to interpret them); see also id. at *42 (granting motion to dismiss unjust enrichment claim due to the existence of a "valid and enforceable" contract). The Plaintiffs indicate in their briefing that they intend to argue that the contracts "were invalid and unenforceable due to duress, coercion, unconscionability, and fraud" (Pl. Mem. at 3.), and the Court's March 27 Order

---

[2] To a certain extent, any evaluation of the Plaintiffs' claims is speculative because their Amended Complaint was dismissed by the March 27 Order and their Second Amended Complaint has not yet been filed. For the purposes of this motion, the Court assumes that the issues to be raised in the new complaint will roughly mirror those dealt with in the March 27 Order, but with additional factual allegations intended to strengthen them.

indicates that the argument may have significant merit. See Spinelli, 2015 WL 1433370, at *39 ("To be sure, the facts as alleged by Plaintiffs tend to show that the precedents relating to broad licensing, combined with the power and capacity of the Defendants, and, by contrast, apparent relative lack of market power of Plaintiffs, lead to a difficult result, approaching unfairness, in this case."). A finding in the Plaintiffs' favor on their contract claims in the District Court would thus significantly alter - or perhaps moot - their copyright claims in the Court of Appeals, rendering certification improper. See In re Blech Sec. Litig., No. 94 Civ. 7696, 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997) ("where the resolution of the remaining claims could conceivably affect an appellate court's decision of the claims on appeal, a district court should be reluctant to grant a Rule 54(b) motion." (quotation omitted) (citing Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025-26 (2d Cir. 1992)).[3]

The Plaintiffs will not suffer any significant hardship or injustice from delaying their appeal of the copyright claims until the end of proceedings in the District Court. The

---

[3] The Plaintiffs' contract-based allegations also undermine the argument that the Court's dismissal of the copyright claims is de facto final, since a finding that the AP's license was invalidated by fraud or duress would rob the Defendants of their primary argument against copyright infringement. See Spinelli, 2015 WL 1433370, at *29. The Defendants concede as much in their briefing. (See D.'s Mem. in Opp. at 13 n.3.)

Plaintiffs contend that they face "an impossible dilemma" in which they may either "proceed with filing amended pleadings on their other claims . . . or foregoing that option and allowing the Court's Order to become final so that Plaintiffs may appeal the ruling on their copyright claims and then institute an entirely new action on their other claims." (P. Mem. at 14-15.) They also note that taking the latter course might prejudice them since some of their remaining claims could have statute of limitations issues. (See id. at 15.) However, the Plaintiffs do not explain why they cannot simply restate their copyright claims in their new complaint and then litigate the copyright issues before the Second Circuit if and when the case reaches the appellate level in its entirety.[4] Such an outcome would cause no prejudice to the Plaintiffs other than delay, and would adhere to "the normal and federally preferred practice of postponing appeal until after a final judgment has

---

[4] In their opposition brief, the Defendants ask the Court (without making a formal cross-motion) to enter final judgment on all the claims dismissed without prejudice in the March 27 Order because the Plaintiffs filed their motion for Rule 54(b) certification at the Court-ordered deadline instead of a revised complaint. (See D.'s Mem. in Opp., Dkt. No. 110, at 6-8.) Although the Plaintiffs are technically out of compliance, such a result would be unreasonably punitive. As the Defendants concede (see id. at 6), the determination ultimately hinges on the Plaintiffs' diligence. See Evans v. Port Auth. of N.Y. & N.J., No. 02 Civ. 3482, 2003 WL 22287864, at *1 (S.D.N.Y. Oct. 3, 2003). The Plaintiffs' diligence in this case has been more than adequate, particularly as they have represented that they are prepared to file their Second Amended Complaint within 48 hours of this motion's resolution.

10

been entered." Adrian, 210 F. App'x at 133.  The motion for Rule 54(b) certification is therefore denied.

**Conclusion**

The Plaintiffs' motion to certify a final judgment on their copyright claims under Rule 54(b) is denied.

It is so ordered.

New York, NY
August // , 2015

ROBERT W. SWEET
U.S.D.J.

11