```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

PAUL SPINELLI, SCOTT BOEHM, PAUL
JASIENSKI, GEORGE NEWMAN LOWRANCE, DAVID
STLUKA, DAVID DRAPKIN, and THOMAS E.
WITTE,

                    Plaintiffs,
                                                13 Civ. 7398 (RWS)
     - against -
                                                     OPINION
NATIONAL FOOTBALL LEAGUE, NFL PROPERTIES,
LLC, NFL VENTURES, L.P., NFL PRODUCTIONS,
LLC, NFL ENTERPRISES, LLC, REPLAY PHOTOS,
LLC, GETTY IMAGES (US), INC., ASSOCIATED
PRESS, ARIZONA CARDINALS HOLDINGS, INC.,
ATLANTA FALCONS FOOTBALL CLUB LLC,
BALTIMORE RAVENS LIMITED PARTNERSHIP,
BUFFALO BILLS, INC., PANTHERS FOOTBALL
LLC, CHICAGO BEARS FOOTBALL CLUB, INC.,
CINCINNATI BENGALS, INC., CLEVELAND
BROWNS LLC, DALLAS COWBOYS FOOTBALL CLUB,
DENVER BRONCOS FOOTBALL CLUB, DETROIT
LIONS, INC., GREEN BAY PACKERS, INC.,
HOUSTON NFL HOLDINGS LP, INDIANAPOLIS
COLTS, INC., JACKSONVILLE JAGUARS LTD.,
KANSAS CITY CHIEFS FOOTBALL CLUB, INC.,
MIAMI DOLPHINS, LTD., MINNESOTA VIKINGS
FOOTBALL CLUB LLC, NEW ENGLAND PATRIOTS,
LP, NEW ORLEANS LOUISIANA SAINTS, LLC,
NEW YORK FOOTBALL GIANTS, INC., NEW YORK
JETS FOOTBALL CLUB, INC., OAKLAND RAIDERS
LP, PHILADELPHIA EAGLES FOOTBALL CLUB,
INC., PITTSBURGH STEELERS SPORTS, INC.,
SAN DIEGO CHARGERS FOOTBALL CO., SAN
FRANCISCO FORTY NINERS LTD., FOOTBALL
NORTHWEST LLC, THE RAMS FOOTBALL CO. LLC,
BUCCANEERS LIMITED PARTNERSHIP, TENNESSEE
FOOTBALL, INC., and WASHINGTON FOOTBALL
INC.,

                    Defendants.
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/15

A P P E A R A N C E S:

Attorneys for the Plaintiffs

NELSON & MCCULLOCH LLP
155 East 56th Street
New York, NY 10022
By:  Danial A. Nelson, Esq.
     Kevin Patrick McCulloch, Esq.


Attorneys for the Defendants

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
42nd Floor
New York, NY 10036
By:  Jeffrey A. Mishkin, Esq.
     Anthony Joseph Dreyer, Esq.
     Jordan Adam Feirman, Esq.
     Karen Hoffman Lent, Esq.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
By:  Jura Christine Zibas, Esq.
     Jana A. Slavina, Esq.

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
By:  Andrew Lawrence Deutsch, Esq.
     Marc Evan Miller, Esq.
     Paolo Morante, Esq.
     Tamar Y. Duvdevani, Esq.

2

**Sweet, D.J.**

The National Football League and 36 affiliated clubs and business organizations (the "NFL"), the Associated Press (the "AP"), Getty Images, Inc. ("Getty"), and Replay Photos, LLC ("Replay," collectively with the NFL, the AP, and Getty, the "Defendants") have moved for a stay of discovery during the pendency of their four motions to dismiss, which are currently scheduled to be heard on Thursday, February 11, 2016. For the reasons set forth below, the motion is granted.

**Prior Proceedings**

This is a lawsuit brought by seven professional sports photographers (the "Plaintiffs"), alleging copyright, antitrust, breach of fiduciary duty, and contract claims stemming from the Defendants' use and licensing of their photographs. The Plaintiffs began the litigation on October 21, 2013 (Dkt. No. 1) and filed a First Amended Complaint on February 12, 2014. (Dkt. No. 42.) On March 31, 2014, motions to dismiss were filed by Getty (Dkt. No. 51), Replay (Dkt. No. 56), the AP (Dkt. No. 59) and the NFL (Dkt. No. 62).

On November 10, 2014, as the motions to dismiss were

3

pending, the Defendants sought a stay of discovery. (Dkt. Nos. 84 & 86.) The Plaintiffs filed their opposition papers on November 20, 2014 (Dkt. Nos. 91-93), and the Defendants replied on November 25. (Dkt. Nos. 94-96.) The motion was heard on December 3, 2014, and the Court granted the stay by memo endorsement two days later. (Dkt. Nos. 99 & 100.)

On March 27, 2015, the Court issued an Opinion granting the Defendants' motions to dismiss, but allowing the Plaintiffs leave to refile. Spinelli v. Nat'l Football League, 96 F. Supp. 3d 81 (S.D.N.Y. 2015). After an unsuccessful attempt at Rule 54(b) certification, see Spinelli v. Nat'l Football League, No. 13 Civ. 7398, 2015 WL 4869898 (S.D.N.Y. Aug. 13, 2015), the Plaintiffs filed their Second Amended Complaint on August 17, 2015. (Dkt. No. 115.) Motions to dismiss were filed on October 1, 2015 by Getty (Dkt. No. 122), the NFL (Dkt. No. 126), Replay (Dkt. No. 129), and the AP (Dkt. No. 131). Due to a lengthy briefing schedule agreed to by the parties and endorsed by the Court (See Dkt. Nos. 117 & 143), the motions are not due to be heard until February 11, 2016. (Dkt. No. 144.)

A dispute arose between the parties at the beginning of October regarding whether discovery remained stayed. On October 6, 2015, as part of a letter regarding the scheduling of a pretrial conference, the Defendants asserted that the stay

4

imposed by the Court during the pendency of the original motion to dismiss (Dkt. No. 99) remained in effect. (Dkt. No. 135.) The following day, the Plaintiffs responded with a letter of their own, asserting that the stay was no longer in effect because it referred to the First Amended Complaint, which "is no longer operative," and because any deficiencies in that pleading had been cured in the Second Amended Complaint. The Defendants filed a letter in response the following day.[1] The Court resolved to treat the letters as a motion (Dkt. No. 138), and oral argument was held on October 21, 2015.

**Applicable Standard**

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Morien v. Munich Reins. Am., Inc., 270 F.R.D. 65, 66-67 (D. Conn. 2010); Josie-Delerme v. Am. Gen. Fin. Corp., No. 08 Civ. 3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay; instead, courts consider three factors: 1) whether a defendant has made a strong showing that the plaintiff's claim

---

[1] Because the parties conducted their exchange via faxes to chambers, the letters are not available on ECF.

5

is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay. Morien, 270 F.R.D. at 67; Josie-Delerme, 2009 WL 497609 at *1. Courts may also take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. Id.

**The Stay is Granted**

Here, factors laid out in Morien and Josie-Delerme weigh in favor of a stay. While the new motions to dismiss are scheduled to be heard in February, the grant of the prior motions to dismiss indicates that at a minimum the Defendants have "substantial arguments for dismissal of many, if not all, of the claims asserted." See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

The parties disagree on the breadth of discovery sought and the burden that would be involved in responding. At oral argument, the Defendants contended that the discovery sought by the Plaintiffs is unduly burdensome and asserted that the cost

of responding would stretch into the hundreds of thousands of dollars. The Plaintiffs, meanwhile, reject the contention that they are seeking broad discovery as a "conclusory and self-serving statement[]" by the Defendants, but do not articulate any limiting principle for the discovery sought pre-motion. (See Pl.'s Oct. 8 Reply Letter at 2.) At oral argument, the Plaintiffs described the discovery they seek as usage information regarding the Plaintiffs' photographs and communications among the Defendants. Given the fact that there are currently 40 defendants named in the lawsuit, the intricacy of the contractual provisions involved, and the complex copyright and antitrust claims asserted, discovery is likely to be broad and significant, weighing in favor of a stay. See In re Currency Conversion Fee Antitrust Litig., MDL No. 1409, 2002 WL 88278, at *2-3 (S.D.N.Y. 2002). A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable. See Nietzke v. Williams, 490 U.S. 319, 326-27 (1989) (noting that the Rule 12(b)(6) motion to dismiss "streamlines litigation by dispensing with needless discovery and factfinding").

   As to the prejudice prong, the Plaintiffs' primary argument

7

is that the imposition of a stay would further delay discovery in a case that is already two years old.  However, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  <u>Trask Software</u>. 206 F.R.D. at 368 (quoting <u>Rivera v. Heyman</u>, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)).  At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.

In sum, the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss, discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiffs.  A continued stay of discovery is therefore warranted.

**Conclusion**

The Defendant's letter-motion for a stay of discovery is granted until the resolution of the pending motions to dismiss.

It is so ordered.

New York, NY
November 17, 2015

_____
ROBERT W. SWEET
U.S.D.J.