```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

PAUL SPINELLI, SCOTT BOEHM, PAUL
JASIENSKI, GEORGE NEWMAN LOWRANCE, DAVID
STLUKA, DAVID DRAPKIN, and THOMAS E.
WITTE,

                    Plaintiffs,
                                              13 Civ. 7398 (RWS)
     - against -
                                                   OPINION

NATIONAL FOOTBALL LEAGUE, NFL PROPERTIES,
LLC, NFL VENTURES, L.P., NFL PRODUCTIONS,
LLC, NFL ENTERPRISES, LLC, REPLAY PHOTOS,
LLC, GETTY IMAGES (US), INC., ASSOCIATED
PRESS, ARIZONA CARDINALS HOLDINGS, INC.,
ATLANTA FALCONS FOOTBALL CLUB LLC,
BALTIMORE RAVENS LIMITED PARTNERSHIP,
BUFFALO BILLS, INC., PANTHERS FOOTBALL
LLC, CHICAGO BEARS FOOTBALL CLUB, INC.,
CINCINNATI BENGALS, INC., CLEVELAND
BROWNS LLC, DALLAS COWBOYS FOOTBALL CLUB,
DENVER BRONCOS FOOTBALL CLUB, DETROIT
LIONS, INC., GREEN BAY PACKERS, INC.,
HOUSTON NFL HOLDINGS LP, INDIANAPOLIS
COLTS, INC., JACKSONVILLE JAGUARS LTD.,
KANSAS CITY CHIEFS FOOTBALL CLUB, INC.,
MIAMI DOLPHINS, LTD., MINNESOTA VIKINGS
FOOTBALL CLUB LLC, NEW ENGLAND PATRIOTS,
LP, NEW ORLEANS LOUISIANA SAINTS, LLC,
NEW YORK FOOTBALL GIANTS, INC., NEW YORK
JETS FOOTBALL CLUB, INC., OAKLAND RAIDERS
LP, PHILADELPHIA EAGLES FOOTBALL CLUB,
INC., PITTSBURGH STEELERS SPORTS, INC.,
SAN DIEGO CHARGERS FOOTBALL CO., SAN
FRANCISCO FORTY NINERS LTD., FOOTBALL
NORTHWEST LLC, THE RAMS FOOTBALL CO. LLC,
BUCCANEERS LIMITED PARTNERSHIP, TENNESSEE
FOOTBALL, INC., and WASHINGTON FOOTBALL
INC.,

                    Defendants.

-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/16

A P P E A R A N C E S:

Attorneys for the Plaintiffs

NELSON & MCCULLOCH LLP
155 East 56th Street
New York, NY 10022
By:  Kevin Patrick McCulloch, Esq.


Attorneys for the Defendants

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
42nd Floor
New York, NY 10036
By:  Jeffrey A. Mishkin, Esq.
     Anthony Joseph Dreyer, Esq.
     Jordan Adam Feirman, Esq.
     Karen Hoffman Lent, Esq.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
By:  Jura Christine Zibas, Esq.
     Jana A. Slavina, Esq.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
25th Floor
New York, NY 10153
By:  Bruce S. Meyer, Esq.

DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
By:  Andrew Lawrence Deutsch, Esq.
     Marc Evan Miller, Esq.
     Paolo Morante, Esq.
     Tamar Y. Duvdevani, Esq.

**Sweet, D.J.**

The National Football League ("NFL"), NFL Properties, LLC, ("NFLP"), NFL Ventures, L.P., NFL Productions, LLC, NFL Enterprises, LLC (together with NFL, NFLP, NFL Ventures, L.P, and NFL Productions, "NFL Entities"), and the 32 NFL Clubs (collectively, the "NFL"), Replay Photos, LLC ("Replay"), and the Associated Press ("AP," together with NFL Defendants and Replay, "Defendants") have moved for reconsideration of the Court's July 15, 2016 opinion (Dkt. No. 166) dismissing the Plaintiffs' Complaint, except for the unconscionability claim.

For the reasons set forth below, the NFL Defendants', Replays', and AP's motion for reconsideration is granted in part. The Second Amended Complaint ("SAC") is dismissed without leave to replead.

## I. Facts

The Court assumes familiarity with facts as articulated in the Court's March 27, 2015 opinion. *Spinelli et. al v. National Football League et al.*, 96 F.Supp.3d 81, 91-98 (S.D.N.Y. 2015).

## II. Applicable Standard

1

A party moving for reconsideration must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). For an argument to be raised as grounds for reconsideration, it must have been previously raised with the Court. *Janes v. Triborough Bridge & Tunnel Auth.*, 889 F. Supp. 2d 462, 464-465 (S.D.N.Y. 2012). A motion for reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

III. **The Court Will Reconsider Defendants' Argument that Plaintiffs Ratified the Contributor Agreements and Waived Their Unconscionability Claim**

Defendants move to reconsider that: (1) Plaintiffs waived their unconscionability claim by performing under the contract thereby ratifying the agreement; and, (2) contracts negotiated at arms-length cannot be unconscionable.

2

The Court will reconsider whether the Plaintiff's ratified the contributor agreements by performing under the contract -- waiving their unconscionability claim. This argument was raised below and not sufficiently addressed by the Court. *Janes*, 889 F. Supp. 2d at 464-465. Defendants argue that there are controlling decisions that the court overlooked, which might be expected to alter the ultimate conclusion. *CSX Transp., Inc.*, 70 F.3d at 257. For this reason, the Court will reconsider whether the Plaintiffs waived their unconscionability claim.

However, the Court will not reconsider its decision that the Plaintiffs adequately pled that the agreements were unconscionable, despite being commercial contracts negotiated at arms-length. The Court carefully considered Defendants' argument that an arms-length contract could never be found unconscionable, but found other authority more persuasive as articulated in the July 15, 2016 opinion. For these reasons, that argument will not be reconsidered.

IV. **Plaintiffs Ratified the Contributor Agreements and Waived Their Unconscionability Claim**

In the Court's July 15, 2016 opinion, Plaintiff's SAC

3

was dismissed for the same reasons articulated in the first motion to dismiss opinion dated March 27, 2015. However, the March 27, 2015 opinion did not address the substance of the claims for duress and unconscionability. Instead, that opinion found that the First Amended Complaint ("FAC") did not adequately plead these breach theories as valid claims, instead only describing why Plaintiffs believed the agreements were unfair. (Dkt. No. 102, at 113-114.) Those claims were more fully addressed in the July 15, 2016 opinion.

The duress claims were dismissed in the July 15, 2016 opinion not on substantive grounds, but for the procedural issue that "in New York when a party is under duress it must promptly act to repudiate the contract." (Dkt. No. 166, at 18-19.) In this case, Plaintiffs "continued to perform under the contract and have accepted the benefit of credentials form AP to photograph NFL games." *Id.* at 19. However, the Court did not apply this concept of waiver and ratification to the unconscionability claim despite the AP citing two cases for this proposition in its opening brief.

Whether Plaintiffs can waive an unconscionable agreement is a question of New York law. Though the law on this question is less developed for unconscionability than duress,

4

the New York Court of Appeals has held that "an unconscionable arrangement will not be disturbed when there has been ratification of it with knowledge of all its bearings, after time has been had for consideration." *Kent v. Quicksilver Mining Co.*, 78 N.Y. 159, 190 (1879). Defendants cite numerous Appellate Division and state and federal trial court decisions for this proposition that unconscionable contracts are voidable, but can ratified by performing under the contract. However, the parties do not cite any Second Circuit, U.S. Supreme Court, nor New York Court of Appeals cases (outside of dicta) that a procedurally and substantively unconscionable contract can be ratified by performing besides the *Kent* case from 1879.

The Court of Appeals has noted in dicta that unconscionable contracts "are usually voidable since a party to a contract has the power to validate or ratify the contract, as well as the power to avoid it." *King v. Fox*, 7 N.Y.3d 181, 191, 851 N.E.2d 1184, 818 N.Y.S.2d 833 (2006); *see also*, *Lawrence v Graubard Miller*, 2008 11 N.Y.3d 588, 595 n.3, 901 N.E.2d 1268, 873 N.Y.S.2d 517 (2008) ("An unconscionable contract is usually voidable since a party to a contract has the power to validate, ratify or avoid it (see 1 Corbin on Contracts § 1.6, at 17-18 [1993 rev ed]).").

Both of these cases note that it is "usually" the rule that a party can ratify an unconscionable contract, while holding that unconscionable attorney-client fee arrangements sometimes cannot be ratified because of the "special protections given to clients in dealing with their attorneys." *Fox*, 7 N.Y.3d at 193. While most unconscionable attorney-client contracts cannot be ratified, the Court of Appeals in *Fox* found that a client could ratify an unconscionable agreement, "Where a fully informed client with equal bargaining power knowingly and voluntarily affirms an existing fee arrangement." *Id*.

*Fox* and *Lawrence* help to address the inherent tension in finding that a party can ratify a contract that the Court determines is substantively and procedurally unconscionable. If the Defendants had a gross inequality in bargaining power, used high pressure tactics, and refused to negotiate over key terms, as was alleged in this case, and the agreement was substantively unfair, as was also alleged here, it is hard to imagine how the Plaintiffs could meaningfully waive their rights to later assert a claim of unconscionability. Yet to date, the Court of Appeals has only carved out an exception for the "special" relationship between attorneys and clients.

It is unclear how the Court of Appeals would view a

6

case for a general commercial contract that contained the concerns the Court articulated in *Fox*, such as a great asymmetry in bargaining power and Defendants not fully informing Plaintiffs about key information during the negotiations. *Fox*, 7 N.Y.3d at 193. These types of procedural issues with the fundamental fairness of the negotiations are some of the concerns articulated in the Court's July 15, 2016 opinion in this case. Even the *Kent* decision carved out exceptions for the kinds of concerns here such as when one party did not have "knowledge of all its bearings" and sufficient "time has been had for consideration." *Kent*, 78 N.Y. at 190. This Court's July 15, 2016 decision noted similar issues with Defendants not disclosing key information about the agreement between the AP and the NFL as well as the limited time the Plaintiffs had to sign the agreements before the start of the NFL season.

Without further guidance from the Court of Appeals, *Kent*, *Fox*, and *Lawrence* all articulate that the general rule in New York is that unconscionable contracts can be ratified by performance. While the Court in its July 15, 2016 opinion determined that the contributor agreements were unconscionable, they were ratified when the photographers performed under the AP agreement. The motion for reconsideration is granted with respect to the unconscionability claim, which is now dismissed.

7

## V. Conclusion

For the reasons set forth above, the Defendants' motion for reconsideration is granted in part. The SAC is dismissed without leave to replead.

It is so ordered.

New York, NY
December 23, 2016

_____
ROBERT W. SWEET
U.S.D.J.

8