UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL SPINELLI; SCOTT BOEHM; PAUL JASIENSKI;      :
GEORGE NEWMAN LOWRANCE; DAVID STLUKA;            Case 1:13-cv-07398 (RWS)
DAVID DRAPKIN; and THOMAS E. WITTE,              :

                        Plaintiffs,      :      **ECF Case**

     v.                                      :      **Hon. Robert W. Sweet**

NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES,        :
LLC; NFL VENTURES, L.P.; NFL PRODUCTIONS, LLC;
NFL ENTERPRISES, LLC; REPLAY PHOTOS, LLC;        :
GETTY IMAGES (US), INC.; ASSOCIATED PRESS;
ARIZONA CARDINALS HOLDINGS, INC., ATLANTA        :
FALCONS FOOTBALL CLUB LLC, BALTIMORE
RAVENS LIMITED PARTNERSHIP, BUFFALO BILLS,       :
INC., PANTHERS FOOTBALL LLC, CHICAGO BEARS
FOOTBALL CLUB, INC., CINCINNATI BENGALS,         :
INC., CLEVELAND BROWNS LLC, DALLAS
COWBOYS FOOTBALL CLUB, LTD., DENVER              :
BRONCOS FOOTBALL CLUB, DETROIT LIONS, INC.,
GREEN BAY PACKERS, INC., HOUSTON NFL             :
HOLDINGS LP, INDIANAPOLIS COLTS, INC.,
JACKSONVILLE JAGUARS LTD., KANSAS CITY           :
CHIEFS FOOTBALL CLUB, INC., MIAMI DOLPHINS,
LTD., MINNESOTA VIKINGS FOOTBALL CLUB LLC,       :
NEW ENGLAND PATRIOTS, LP, NEW ORLEANS
LOUISIANA SAINTS, LLC, NEW YORK FOOTBALL         :
GIANTS, INC., NEW YORK JETS FOOTBALL CLUB,
INC., OAKLAND RAIDERS LP, PHILADELPHIA           :
EAGLES FOOTBALL CLUB, INC., PITTSBURGH
STEELERS SPORTS, INC., SAN DIEGO CHARGERS        :
FOOTBALL CO., SAN FRANCISCO FORTY NINERS
LTD., FOOTBALL NORTHWEST LLC, THE RAMS           :
FOOTBALL CO. LLC, BUCCANEERS LIMITED
PARTNERSHIP, TENNESSEE FOOTBALL, INC., and       :
WASHINGTON FOOTBALL INC.,

                               :

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW OF DEFENDANT THE ASSOCIATED
PRESS IN SUPPORT OF ITS MOTION FOR
AN AWARD OF COSTS AND ATTORNEYS' FEES and MEMORANDUM OF LAW OF
DEFENDANT THE ASSOCIATED PRESS IN OPPOSITION TO PLAINTIFFS' RULE
11 MOTION**

Dated: New York, New York
 March 29, 2017

DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Of Counsel:

*Attorneys for Defendant The Associated Press*

Andrew L. Deutsch
Tamar Y. Duvdevani

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................... 2

I.    AP IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES ....................... 2

        1.    Plaintiffs' Claims and Positions Were Objectively Unreasonable ........................ 2

                A.    Plaintiffs' Losing Argument on Retroactive Licensing ........................... 2

                B.    Plaintiffs' Losing Argument That Copyright Licenses Should be Given a "Pro-Plaintiff" Construction ........................................................ 5

                C.    Plaintiffs' Unreasonable Factual Allegations ........................................... 6

        2.    AP is Entitled to Fees for Plaintiffs' Continued Litigation Misconduct ............... 6

II.    THE COURT SHOULD DENY PLAINTIFFS' RULE 11 MOTION ............................. 7

CONCLUSION ......................................................................................................... 9

<strong><u>TABLE OF AUTHORITIES</u></strong>

<strong>Page(s)</strong>

**CASES**

*Boosey & Hawkes Music Publishers v. Walt Disney Co.*,
  145 F.3d 481 (2d Cir. 1998)..................................................................................5

*Brewer-Giorgio v. Bergman*,
  985 F. Supp. 1478 (N.D. Ga. 1997) .....................................................................2

*Davis v. Blige*,
  505 F.3d 90 (2d Cir. 2007)................................................................................2, 3

*Fishoff v. Coty Inc.*,
  634 F.3d 647 (2d Cir. 2011)..................................................................................8

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994)..............................................................................................6

*Garnier v. Andin Int'l, Inc.*,
  884 F. Supp. 58 (D.R.I. 1995)..............................................................................2

*Goldblatt v. Englander Commc'ns, L.L.C.*,
  06 Civ. 3208 (RWS), 2007 WL 148699 (S.D.N.Y. Jan. 22, 2007) ........................8

*Hard Rock Café Int'l (USA) Inc. v. Morton*,
  No. 97 Civ. 9483 (RPP), 1999 WL 717995 (S.D.N.Y. Sept. 9, 1999) ....................5

*In re Literary Works in Elec. Databases Copyright Litig.*,
  654 F.3d 242 (2d Cir. 2011)..................................................................................3

*Lieb v. Topstone Indus., Inc.*,
  788 F.2d 151 (3d Cir. 1986)..................................................................................6

*Kirtsaeng v. John Wiley & Sons*,
  136 S. Ct. 1979 (2016)..................................................................................1, 7, 9

*Lawrence v. Richman Grp. of Ct. LLC*,
  620 F.3d 153 (2d Cir. 2010)..................................................................................8

*Luken v. Int'l Yacht Council, Ltd.*,
  581 F. Supp. 2d 1226 (S.D. Fla. 2008) ................................................................3

*N. Jersey Media Grp. v. Pirro*,
  No. 13 Civ. 7153 (ER), 2015 WL 1086566 (S.D.N.Y. Mar. 9, 2015)......................4

*Oliveri v. Thompson*,
   803 F.2d 1265 (2d Cir. 1986)..........................................................................8

*Palmer/Kane LLC v. Rosen Book Works LLC*,
   No. 15 Civ. 7406 (JSR), 2016 WL 4534896 (S.D.N.Y. Aug. 30, 2016) ...................................4

*Perpetual Secs., Inc. v. Tang*,
   290 F.3d 132 (2d Cir. 2002)...........................................................................7

*Schweizer v. Mulvehill*,
   93 F. Supp. 2d 376 (S.D.N.Y. 2000).................................................................8

*Silberstein v. Fox Entm't Grp., Inc.*,
   424 F. Supp. 2d 616 (S.D.N.Y. 2004), *aff'd sub nom. Silberstein v. John Does 1–10*,
   242 F. App'x. 720 (2d Cir. 2007) ...................................................................3-4

*Spinelli v. Nat'l Football League*,
   96 F. Supp. 3d 91 (S.D.N.Y. 2015) ...............................................................4, 6

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory Ltd.*,
   682 F.3d 170 (2d Cir. 2012)...........................................................................8

*Viva Video, Inc. v. Cabrera*,
   9 F. App'x. 77 (2d Cir. 2001) ........................................................................3

*Wu v. Pearson Educ. Inc.*,
   No.10 Civ. 6537 (KBF), 2013 WL 145666 (S.D.N.Y. Jan. 11, 2013) ...............................3, 5

### STATUTES

17 U.S.C. § 106.................................................................................4, 5

17 U.S.C. § 501.................................................................................4, 5

17 U.S.C. § 505..............................................................................1, 7, 9

### OTHER AUTHORITIES

Fed R. Civ. P. 11 ............................................................................ passim

Fed. R. Civ. P. 11(c)(2)........................................................................7, 9

Fed. R. Civ. P. 54(b) .............................................................................2

## PRELIMINARY STATEMENT

Plaintiffs' brief in opposition to The Associated Press's ("AP") motion for fees clearly demonstrates the reasons why AP should receive an award of fees.  Plaintiffs continue to press failed arguments on copyright infringement that were objectively unreasonable when first made, that have been twice rejected by the Court, and that recently have surfaced in plaintiffs' frivolous Rule 11 motion.  Where there is authority that precludes their arguments, plaintiffs simply ignore it, as they have done throughout the litigation.  They continue to press the factual assertions of their complaint even though those assertions, as the Court pointed out, are contradicted by the unambiguous language of plaintiffs' agreements with AP.  A fees award to AP is justified not only because plaintiffs' positions were objectively unreasonable, but also because of plaintiffs' "overaggressive assertions of [their] copyright claims." *Kirtsaeng v. John Wiley & Sons*, 136 S. Ct. 1979, 1988-89 (2016).

In addition, the Court should deny plaintiffs' motion for sanctions under Rule 11 and require plaintiffs to pay AP's legal costs of opposing that abusive motion.  As demonstrated in AP's opening brief and in this reply brief, AP's request for attorney's fees under 17 U.S.C. § 505 is solidly grounded in Supreme Court precedent and prior case law awarding fees to successful litigants in copyright cases.  Plaintiffs have no colorable basis for arguing that AP's fees motion is frivolous, and their Rule 11 motion is a textbook example of vexatious litigation.

**ARGUMENT**

**I.**

**AP IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES**

**1.    Plaintiffs' Claims and Positions Were Objectively Unreasonable[1]**

    A.    Plaintiffs' Losing Argument on Retroactive Licensing

      Plaintiffs' discussion of objective unreasonableness leads off with yet another repetition of their losing argument that *Davis v. Blige*, 505 F.3d 90 (2d Cir. 2007), prevented Plaintiffs, as *sole owners* of copyright, from granting retroactive licenses or authorizing AP to do so.[2]  They assert that their *Davis* argument cannot be objectively unreasonable because two district courts, ruling after this Court dismissed the Plaintiffs' copyright claims, read *Davis* differently than this Court and four other courts of this District.

      This argument ignores settled law about when objective unreasonableness is to be judged. In considering a fees motion, a court must assess the objective unreasonableness of a plaintiff's copyright claim *at the time the claim was asserted*, not at a later date.  *Brewer-Giorgio v. Bergman,* 985 F. Supp. 1478, 1483 (N.D. Ga. 1997) (reasonableness of claim to be determined at time it was first asserted); *Garnier v. Andin Int'l, Inc.,* 884 F. Supp. 58, 62 (D.R.I. 1995) ("Hindsight is not the applicable standard in judging the reasonableness of [plaintiff's] suit….");

---

[1] Plaintiffs have used their brief in opposition to the defendants' attorney's fees motions to repeat, almost verbatim, the arguments of their motion for stay.  AP incorporates by reference the arguments in its letter brief opposing the stay motion.  (Dkt. 210).

[2] Plaintiffs have previously made their failed *Davis* argument in at least (1) their three briefs in opposition to AP's, the NFL Defendants' and Replay's individual motions to dismiss the First Amended Complaint (Dkts. 71, 72, 75); and after the Court dismissed the copyright claims, in (2) Plaintiffs' unsuccessful Rule 54(b) motion (Dkt. 106); (3) their brief in opposition to the defendants' second motion to stay discovery (Dkt. 139); (4) their briefs in opposition to the defendants' separate motions to dismiss the Second Amended Complaint (Dkts. 147, 148, 150); and, most recently, (5) their frivolous Rule 11 motion. (Dkt. 214).

*see also Viva Video, Inc. v. Cabrera*, 9 F. App'x. 77, 80 (2d Cir. 2001) (question was whether claim was lacking in objective reasonableness at the time it was commenced); *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1239-40 (S.D. Fla. 2008).  AP already made this point in its opening brief, ("AP Br.") at 8, and it was ignored (and therefore conceded) by Plaintiffs in their opposition brief.

Thus, the appropriate date for determining the reasonableness of plaintiffs' copyright claims is October 21, 2013, when they filed their original complaint with those claims.  By that date, the Second Circuit had already indicated that it viewed *Davis* as a narrow decision, which "presents an altogether different issue, 'whether one joint owner of a copyright can retroactively transfer his ownership by a written instrument, and thereby cut off the accrued rights of the other owner to sue for infringement.'" *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 248 n.5 (2d Cir. 2011) (quoting *Davis*, 505 F.3d at 97).  Plaintiffs ignore this important Second Circuit clarification of *Davis* in their opposition brief to this motion, just as they have ignored it *every time it has been cited in AP's papers*.  Plaintiffs' consistent avoidance of this directly applicable Second Circuit statement is further proof of the unreasonableness of their *Davis* position.  Unlike the joint owner in *Davis*, each Plaintiff was the *sole owner* of copyright in each photo at issue.  He did not destroy anyone else's rights by granting AP a license whose broad scope authorized AP to issue sublicenses retroactively.

By the time Plaintiffs sued,  two (not one, as Plaintiffs assert) courts in this District had held that the Copyright Act does not forbid a licensee of a sole copyright owner from granting retroactive sublicenses.  *Wu v. Pearson Educ. Inc.,* No.10 Civ. 6537 (KBF), 2013 WL 145666, at *4 (S.D.N.Y. Jan. 11, 2013); *Silberstein v. Fox Entm't Grp., Inc.,* 424 F. Supp. 2d 616, 629

(S.D.N.Y. 2004), *aff'd sub nom. Silberstein v. John Does 1–10*, 242 F. App'x. 720 (2d Cir. 2007).  Plaintiffs fail to show how these decisions are distinguishable from the present case.

Plaintiffs' opposition brief mentions two decisions rendered well after they asserted their copyright claims.[3]  Plaintiffs argue that if AP were correct, these decisions would be "objectively unreasonable."  (Dkt. 211, Pl. Opp. Br. at 10).  Indeed not: these decisions are *irrelevant*, because the objective reasonableness of a claim must be determined when it is first raised, and not judged in hindsight.

In their unceasing effort to relitigate this case (even though they have filed an appeal), Plaintiffs make a new argument on copyright: that while AP was licensed all rights comprised in the copyright of Plaintiffs' photos, AP was not an exclusive licensee, and did not have the right to sue for infringement of Plaintiffs' photos, or issue sublicenses that would be a defense to a claim for infringement.  (Pl. Opp. Br. at 12-13).  This contention is directly contradicted by the language of the Contributor Agreements which provide for exclusivity, *see Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 91, 97 (S.D.N.Y. 2015)[4], and by Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501.  Section 106 lists all of the exclusive rights comprised in copyright.  Section 501(a) provides that anyone "who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright . . . of the author."  Section 501(b) provides relevantly that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that

---

[3]     *Palmer/Kane LLC v. Rosen Book Works LLC*, No. 15 Civ. 7406 (JSR), 2016 WL 4534896 (S.D.N.Y. Aug. 30, 2016) and *N. Jersey Media Grp. v. Pirro*, No. 13 Civ 7153 (ER), 2015 WL 1086566 (S.D.N.Y. Mar. 9, 2015).

[4]     The one exception is the Lowrance Contributor Agreement, which is non-exclusive. However, as the Court found, while the license from Lowrance "is technically non-exclusive . . . this fact does not limit AP's right to issue retroactive licenses in Lowrance's photos to the full extent of AP's licensed rights."  *Spinelli*, 96 F. Supp. 3d at 124 n. 24.

particular right committed while he or she is the owner of it."  This language entitles AP, as the holder of each Plaintiff's (excepting Lowrance) exclusive Section 106 rights in each photograph at issue here, to sue for infringement of those rights.

> B.   Plaintiffs' Losing Argument That Copyright Licenses Should be Given a "Pro-Plaintiff" Construction

Plaintiffs once again repeat their losing argument that their licenses to AP should be interpreted in their favor, and not according to the "neutral principles" of contract interpretation adopted by the Second Circuit in *Boosey & Hawkes Music Publishers v. Walt Disney Co.*, 145 F.3d 481 (2d Cir. 1998).  This position was objectively unreasonable when made.  While *Boosey* itself involved a "new use" for an old work, the Second Circuit did not limit its application to new uses.  Rather, *Boosey* held that if a contract is more reasonably read to convey one meaning, "the party seeking exception or deviation from the meaning reasonably conveyed by the words of the contract should bear the burden of negotiating for language that would express the limitation or deviation."  *Id.* at 487.  *Boosey* has never been limited by the Second Circuit to only "new uses" for copyrighted works as Plaintiffs contend.  (*Cf.* Pl. Opp. Br. at 14-15).  District courts within the Second Circuit have applied *Boosey*'s "neutral principles" holding where no "new use" was at issue.  *See, e.g., Wu*, 2013 WL 145666, at *4; *Hard Rock Café Int'l (USA) Inc. v. Morton*, No. 97 Civ. 9483 (RPP), 1999 WL 717995, at *22 (S.D.N.Y. Sept. 9, 1999).  The decisions that Plaintiffs cite from other circuits (Pl. Opp. Br. at 15) are irrelevant since *Boosey* is the controlling authority within this Circuit.

Plaintiffs' argument (Pl. Opp. Br. at 18-19) that AP could not issue retroactive licenses without an express grant of that right in the Contributor Agreements was also objectively unreasonable under *Boosey*, given the breadth and clarity of the license rights granted to AP in each Contributor Agreement.  As the Court held, "the licensor who argues that there should be an

exception or deviation from the meaning reasonably conveyed by the language of a license loses." *Spinelli*, 96 F. Supp. 3d at 122 (citing *Boosey*, 145 F.3d at 487).   Finally, it was objectively unreasonable for plaintiffs to bring claims that in large part relied on alleged parol evidence that would contradict the unambiguous terms of their agreements with AP (Pl. Opp. Br. at 21), because the Contributor Agreements' merger clauses barred consideration of such evidence.  *Spinelli,* 96 F. Supp. 3d at 132 n. 29.

C.    Plaintiffs' Unreasonable Factual Allegations

As *Fogerty v. Fantasy, Inc.* recognized, objective unreasonableness may exist "in the factual . . . components of the case."  510 U.S. 517, 517, 534 n. 19 (1994) (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).   The conclusory factual contentions underlying plaintiffs' infringement claims, which they repeat at length in their opposition to the fees motion, were objectively unreasonable given the "unambiguous" and "plain" terms of their Contributor Agreements, *Spinelli*, 96 F. Supp. 3d at 122, 132 n. 29, which gave AP licenses "as broad as [each] Plaintiff's copyright in his photos," *id.* at 121, and permitted AP to issue the challenged sublicenses to the NFL.  *Id.* at 130.  As the Court stated, "Plaintiffs' conclusions are contradicted by the actual terms of the AP Contributor Agreements."  *Id.* at 132.

2.    **AP is Entitled to Fees for Plaintiffs' Continued Litigation Misconduct**

There is a second reason for awarding fees to AP that has come into sharper focus as a result of Plaintiffs' opposition to this fees motion and their newly-filed frivolous Rule 11 motion. By reasserting arguments after the Court already rejected the arguments, continuing to misstate the scope of AP's rights and their own unambiguous contractual obligations, and distorting or ignoring controlling law throughout this case, Plaintiffs have caused AP to incur far more than the ordinary costs of defending a copyright claim.  As the Supreme Court has explained,

litigation misconduct of this kind justifies an award of fees to a defendant without regard to whether the plaintiff's original position was reasonable. *Kirtsaeng*, 136 S. Ct. at 1988-89 ("[A] court may award fees even though the losing party offered reasonable arguments. . . .For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses.")  One example given by the Supreme Court of conduct that justifies a fees award is "overaggressive assertions of copyright claims," *id.* at 1988-89. This description fits Plaintiffs' misconduct perfectly.  A fees award to AP will not have a "chilling effect" on any future copyright owner's "righteous action." (*Cf.* Pl. Opp. Br. at 26).  It will, however, deter future plaintiffs who lack meritorious copyright claims from deciding that Plaintiffs' hardball tactics can be employed with impunity.

## II.

### THE COURT SHOULD DENY PLAINTIFFS' RULE 11 MOTION

As a prevailing defendant in this copyright action, AP was entitled by law to apply for recovery of its full costs, including a reasonable attorney's fee.  17 U.S.C. § 505.  As part of their attempt to intimidate AP into not asserting this statutory right, Plaintiffs threatened and then filed a motion for sanctions under Fed. R. Civ. P. 11.[5]  This motion is improper on its face.  *See* 1993

---

[5] The Rule 11 motion is procedurally improper.  Rule 11(c)(2) requires a movant to serve its "motion" 21 days before filing the motion with the Court (assuming that the challenged paper is not withdrawn).  On March 2, 2017, Plaintiffs served AP with their "Motion for Sanctions Pursuant to Fed. R. Civ. R. 11" (Dkt. 214), which referred to a "separate memorandum of law to accompany upon filing."  However, Plaintiffs did not serve AP with either this memorandum or their Notice of Motion (Dkt. 213).  Their Notice of Motion is not a standard notice, but contains another three pages of legal argument.  The Notice of Motion also "expressly incorporate[s] by reference [Plaintiffs'] brief in opposition to Defendants' fee motions (Dkt. 211)."  This latter brief was also not served on AP with the Rule 11 papers on March 2, 2017; AP did not see it until it was filed with the Court on March 22, 2017.  Plaintiffs thus violated Rule 11(c)(2), which requires service on the adverse parties of all papers in support of a Rule 11 motion at least 21 days prior to filing.  The 21-day rule is a "strict procedural requirement," *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 142 n. 4 (2d Cir. 2002), and Plaintiffs' failure to comply with the

Advisory Committee Notes to Rule 11 (explaining that Rule 11 motions should not "be prepared to emphasize the merits of a party's position," "intimidate an adversary into withdrawing contentions that are fairly debatable," or "increase the costs of litigation").

The burden on a Rule 11 movant is exceedingly heavy. "With respect to legal contentions, '[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands.'" *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory Ltd.,* 682 F.3d 170, 177 (2d Cir. 2012) (quoting *Fishoff v. Coty Inc*., 634 F.3d 647, 654 (2d Cir. 2011)) (internal quotation marks omitted); *see also Goldblatt v. Englander Commc'ns, L.L.C*., 06 Civ. 3208 (RWS), 2007 WL 148699, at *7 (S.D.N.Y. Jan. 22, 2007) (claims are considered frivolous for purposes of Rule 11 sanctions if under an "objective standard of reasonableness it is clear ... that there is no chance of success and no reasonable argument to modify or reverse the law as it stands.") (internal quotation marks omitted). "Rule 11 sanctions are a matter of discretion and are 'reserved for extreme cases of misconduct.'" *Id.* (quoting *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 413 (S.D.N.Y. 2000)). "In ruling on a motion for sanctions, the Court must 'resolve all doubts in favor of the signer.'" *Id*. (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986)).

Plaintiffs' sanctions motion falls woefully short of this high standard. AP's memorandum and reply memorandum in support of its fees motion show ample legal authority for an award of fees. Moreover, Plaintiffs have not cited a single decision in which a prevailing

---

requirement would require rejection of their sanctions motion. *Lawrence v. Richman Grp. of Ct. LLC*, 620 F.3d 153, 158 (2d Cir. 2010). Nevertheless, AP believes that the Court should deny the Rule 11 motion on the merits to prevent plaintiffs from further prolonging the lawsuit.

party in a copyright action was sanctioned for seeking fees under 17 U.S.C. § 505.  The Rule 11 motion should therefore be denied.

Indeed, the only misconduct before the Court is Plaintiffs' own hyperaggressivity, culminating in their abusive Rule 11 motion.  Deterring Plaintiffs' "litigation misconduct, whatever the reasonableness of [their] claims," through an award of fees will further "the Copyright Act's essential goals," *Kirtsaeng*, 136 S. Ct. at 1989, by discouraging future litigants from adopting Plaintiffs' die-hard tactics.

## CONCLUSION

For the reasons set forth above and in AP's opening memorandum of law, the Court should grant AP's motion for fees and costs, and award AP (a) attorneys' fees incurred on the main action in the amount of $709,660.50, (b) non-taxable expenses incurred on the main action in the amount of $26,801.57, and (c) the reasonable attorneys' fees and non-taxable expenses incurred on behalf of AP in connection with the motion for fees.  The Court should deny Plaintiffs' Rule 11 motion and award AP its fees incurred in opposing that motion, as permitted by Rule 11(c)(2).

Dated:  New York, New York.
        March 29, 2017

Respectfully submitted,

DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
212.335.4500

Of Counsel:

Andrew L. Deutsch
Tamar Y. Duvdevani

By: Andrew Deutsch
    Andrew L. Deutsch
    *Attorneys for Defendant*
    *The Associated Press*