

The Honorable Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 18C
New York, NY 10007-1312

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7611
E  peter.behmke@hsf.com
www.herbertsmithfreehills.com

Our ref

Your ref

Date
January 09 2019

**VIA ECF**

**Re:  Spinelli v. Nat'l Football League, Case No. 13-cv-07398 (RWS) (S.D.N.Y.)**

Dear Judge Sweet:

This firm represents the plaintiff photographers in this matter, Paul Spinelli, Scott Boehm, Paul Jasienski, George Newman Lowrance, David Stluka, David Drapkin, and Thomas E. Witte (collectively, "Plaintiffs").

We write concerning the Court's suggestion, made during the December 4, 2018 conference, that the parties attempt to identify a set of initial discovery topics that could aid the parties in reaching an early resolution of this matter.  Unfortunately, after weeks of negotiation, the parties have reached an impasse due to the unwillingness of the Defendants to provide basic transaction information necessary for Plaintiffs to evaluate their claims.

Plaintiffs' claims arise from, *inter alia*, the Associated Press ("AP") granting access to Plaintiffs' photo archives on a complimentary basis and the NFL defendants' use and distribution of Plaintiffs' photographs in their commercial dealings with third parties, including by providing access and licenses to NFL's third party business partners for the use of those photographs, without the right to do so and without any payment to Plaintiffs.  (See 2d Am. Compl. ¶¶ 137, 169, 189, 295.)

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
January 09 2019
Letter to
The Honorable Robert W. Sweet

The agreements between the AP and NFL provide that ultimate control over access to the AP's library of NFL-related photos, including Plaintiffs' collections, rested with the NFL, requiring that the AP restrict commercial downloading of photos to only those third parties who are approved in advance by the NFL (identified in the agreements as the NFL's "business partners").  In these agreements, the AP also purported to agree to allow the NFL defendants to sublicense Plaintiffs' photographs to third parties.[1]

During the parties' meet and confer, counsel for the NFL defendants represented that these third party business partners downloaded the Plaintiffs' photographs directly from the AP.  Plaintiffs thus requested that the AP provide a transaction report identifying all downloads of Plaintiffs' photographs, including the downloads by the NFL defendants and their various business partners.  Counsel for the AP represented that it can produce such transaction reports detailing each download of Plaintiffs' photographs, including downloads by these third parties, with minimal burden.

The Defendants nonetheless have refused to provide these reports.  Without this basic data, Plaintiffs are in the dark about the number of their photographs that were downloaded, which photographs were downloaded, who downloaded their photographs, and whether the download or use was properly licensed and/or whether Plaintiffs received payment for it.  This information is critical.  Obviously, the parties cannot seriously negotiate a potential settlement of Plaintiffs' infringement and other claims when only the Defendants know the number of Plaintiffs' photographs that were downloaded without a valid license or payment.

The Defendants' refusal to provide this data is based on the pretext that it is somehow not "relevant," or "not within the scope of this litigation," based on a self-interested reading of the Second Amended Complaint that purports to exclude this category of infringement.  The Defendants are wrong both as to the scope of Plaintiffs' claims and Plaintiffs' discovery rights.  The Second Amended Complaint puts directly at issue the AP's conduct in granting complimentary access to Plaintiffs' photographs and the NFL defendants' unauthorized licensing and distribution of Plaintiffs' photographs to third

---

[1] Redacted copies of these agreements have been publicly filed by the NFL defendants in connection with their *Motion for Keeping Portions of the Confidential Joint Appendix Under Seal*, which was filed with the United States Court of Appeals for the Second Circuit (Case No. 17-673, ECF No. 193-1).



Date
January 09 2019
Letter to
The Honorable Robert W. Sweet

parties with the assistance of the AP.² And there is no requirement that Plaintiffs specifically plead every possible manner and instance of infringement in order to pursue claims based upon them.  See Energy Intelligence Group, Inc. v. Jefferies, LLC, 101 F. Supp. 3d 332, 339 (S.D.N.Y. 2015) (it would "be impracticable to require plaintiffs to do so" as the defendants "are in the sole possession of the facts that determine whether any individual work was infringed"); Warren v. John Wiley & Sons, Inc., 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013) (a defendant "may, in an abundance of caution, assume that it is being accused of violating each license in every way identified. In other words, it is not fatal to [plaintiff's] copyright claim that the Complaint fails to specify how each particular photograph has been infringed").  Because the Plaintiffs have properly pleaded claims for copyright infringement (among other claims), they are entitled to discovery concerning the full scope of the Defendants' infringing activity involving their photographs.  See Jose Luis Pelaez, Inc. v. Scholastic Inc., No. 16-CV-2791 (VM)(RLE), 2017 WL 4776993, at *4 (S.D.N.Y. Oct. 19, 2017) (ordering defendants to conduct database search and produce data regarding images identified in complaint, even though the complaint did "not specifically allege uses exceeding limited licenses," because such information was "relevant to [plaintiff's] copyright infringement claim").

The Defendants' position also misses the point:  the purpose of an initial discovery phase as suggested by the Court is to allow the parties to obtain the information necessary to explore the potential for an early resolution of this case.  Technical objections that might otherwise be raised in ordinary discovery disputes under Federal Rule of Civil Procedure 26 do not advance that goal.  We have repeatedly expressed to the Defendants the importance of having this download data to the Plaintiffs' evaluation of their claims and any potential settlement discussion.  They have repeatedly refused to provide it, despite acknowledging that it would be minimally burdensome to do so.

The Plaintiffs therefore respectfully request a conference with the Court to discuss the way forward.  The Plaintiffs remain willing to participate in an initial discovery phase that includes production of this download data, but engaging in this process will be unproductive if, in the end, the Plaintiffs will not have the most basic data necessary to have an informed settlement discussion.  If the Defendants are not willing to voluntarily provide the data then the case should proceed to ordinary discovery so

---

² See, e.g., 2d. Am. Compl. ¶ 137 ("As a result of . . . misconduct by AP . . . the NFL was able to widely . . . distribute literally thousands of Plaintiffs' copyrighted works without ever paying any compensation to Plaintiffs and without ever reporting the uses it has made of Plaintiffs' works.")



Date
January 09 2019
Letter to
The Honorable Robert W. Sweet

that the Plaintiffs can formally serve their information requests, the Defendants' objections can be tested under the Federal Rules of Civil Procedure, and the case can move forward without further delay.

During the December 4, 2018 conference, the Court suggested that the follow-up conference take place in January 2019.  Plaintiffs' counsel is available with the exception of January 21-23, January 30-31 and February 7-8, 2019 due to travel and court commitments on other matters.

We are available to discuss at the Court's convenience.


Sincerely yours,
*/s/ Peter J. Behmke*
Peter J. Behmke


cc:  All Counsel of Record (via ECF)